Revised December 30, 2002

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-11591

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FREDERICK PHILIP JETER,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

December 16, 2002

Before JOLLY and DUHÉ, Circuit Judges, and LITTLE,[1] District Judge.

DUHÉ, Circuit Judge:

This appeal asks us to determine whether the district court erred in rejecting defendant's initial plea agreement, and whether the district court engaged in plea negotiations.  Finding no abuse of discretion in the rejection of the initial plea agreement and no engagement in plea negotiations by the district court, we affirm.

I.

Frederick Philip Jeter was indicted on charges of being a

---

[1] F.A. Little Jr., Senior U.S. District Judge, Western District of Louisiana, sitting by designation.

felon in possession of firearms (Count 1), using or carrying a firearm during and in relation to a drug trafficking crime (Count 2), and possession with intent to distribute cocaine base (Count 3).  Upon learning that the State of Texas was pursuing offenses similar to those charged in Counts 2 and 3, the Government agreed in the plea agreement to dismiss those counts; Jeter agreed to plead guilty to Count 1, being a felon in possession of a firearm.

The district court expressed concern about the disparity between the sentence Jeter would face if convicted of all charges and the sentence Jeter would face under the plea agreement.  The plea agreement, the court said, would defeat one of the goals of the sentencing guidelines, i.e., to ensure that repeat drug offenders receive harsher sentences for subsequent drug crimes. The court also indicated that it might be unable to accept the plea agreement if unable to make the findings required by U.S.S.G. § 6B1.2(a), i.e., that the remaining charge adequately reflected the seriousness of the offense and that accepting the agreement would not undermine the statutory purposes of the guidelines.[2]  Due

---

[2]  This Guideline provides,

(a) In the case of a plea agreement that includes the dismissal of any charges . . . the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines.

U.S.S.G. § 6B1.2.

to these concerns, the district court deferred acceptance of the plea agreement.

After receiving additional information, the district court noted that Jeter's guideline sentencing range under the guilty plea would be some 30 months lower than if Jeter were convicted of all of the charges against him. The district court also determined that accepting the plea agreement would undermine one of the objectives of the sentencing guidelines, which is to ensure that prior drug offenses are taken into account in the sentencing for future drug offenses. Accordingly, the district court determined that it could not make the findings contemplated by § 6B1.2 and rejected the plea agreement.

Thereafter, the parties entered into a second plea agreement: Jeter would plead guilty to Counts 2 and 3, using and carrying a firearm during a drug trafficking crime and possession with intent to distribute cocaine base, and the Government would dismiss Count 1, being a felon in possession of a firearm. The court accepted that second plea agreement.

## II.

Jeter first argues that the district court abused its discretion when it rejected the initial plea agreement by usurping the Government's exclusive authority to determine when a prosecution should be terminated. In addition, Jeter argues that the district court's reasons for rejecting the initial plea agreement were misplaced.

3

We review a district court's rejection of a plea agreement for abuse of discretion. See United States v. Crowell, 60 F.3d 199, 205 (5th Cir. 1995); see also United States v. Foy, 28 F.3d 464, 473 (5th Cir.), cert. denied, 513 U.S. 1031 (1994). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." United States v. Mann, 161 F.3d 840, 860, (5th Cir. 1998), cert. denied, 566 U.S. 1117 (1999).

The Government's authority in choosing what offenses a defendant will face is tempered by the role of the district court in accepting or rejecting plea agreements. Fed. R. Crim. P. 11(e)(2)(district court "may accept or reject the [plea] agreement"); see also United States v. Adams, 634 F.2d 830, 835 (5th Cir. Unit A Jan. 1981) (Rule 11 does not limit a district court's discretion in rejecting a plea agreement). Although the Government initially believed that dismissing the counts similar to pending state charges was appropriate, the district court correctly pointed out that it could not accurately assume that those charges would proceed in state court.

In rejecting the initial plea agreement, the district court noted "a three-year discrepancy between the bottoms of the guideline ranges and a 30-month discrepancy between the top." In doing so, the district court concluded that the sentence Jeter would receive under the initial plea agreement might be unduly lenient. The court's belief that the defendant would receive too

4

light a sentence is a sound reason for rejecting a plea agreement. <u>Crowell</u>, 60 F.3d at 205-06; <u>Foy</u>, 28 F.3d at 472; <u>United States v. Bean</u>, 564 F.2d 700, 704 (5th Cir. 1977).

The court also stated that it felt that a conviction under the initial plea agreement would defeat the objectives of the sentencing guidelines. For these reasons, the district court concluded that it could not make the findings contemplated by § 6B1.2(a). A court may reject a plea agreement if it determines that accepting the plea agreement will undermine the statutory purposes of sentencing or the sentencing guidelines or if it finds that the remaining charges do not adequately reflect the seriousness of a defendant's actual offense behavior. <u>See</u> U.S.S.G. § 6B1.2(a); <u>Crowell</u>, 60 F.3d at 206 (affirming rejection of agreement since district court determined that plea would not meet standards of § 6B1.2(a)); <u>Foy</u>, 28 F.3d at 473 n.15 (holding that district court's rejection of plea under § 6B1.2(a) criteria would not be an abuse of discretion).

The district court relied on both the sentencing discrepancy and its conclusion that the initial plea agreement did not satisfy the objectives of the sentencing guidelines in rejecting the plea agreement – both permissible grounds for rejecting a plea. <u>See</u> <u>Crowell</u>, 60 F.3d at 205-06. Accordingly, we find no abuse of discretion in the court's rejection of that agreement.

### III.

Jeter next argues that the district court violated Rule

5

11(e)(1) by engaging in plea negotiations.  Jeter contends that in rejecting the initial plea agreement, the district court made it clear that it would not accept any subsequent plea agreement that did not result in a drug conviction.[3]  Jeter argues that the

---

[3] Jeter contends statements in evaluating the initial plea agreement were actually suggestions for an appropriate accommodation in a subsequent plea agreement. At the first re-arraignment hearing, the district court expressed concerns about the anticipated sentencing range and stated,

That's always caused me some concern, that if a plea agreement is accepted and a plea is made pursuant to a non-drug offense, it sort of bypasses the intent of the statute where if somebody who has committed a certain number of drug offenses will receive a certain punishment.  You frustrate that objective if the plea -- if he's committed a drug offense but is pleading to something else.

During a later conference, the court reiterated,

Another issue that I've always had a concern about where you're trading off a drug conviction for something other than a drug conviction, then you're defeating an objective of the sentencing provisions in the statute and that is that if he in the future is convicted of a drug offense, then his punishment at that time will be based in part on his history of drug offenses.  And when you have a plea agreement that contemplates that he won't plead guilty to a drug offense that he, in fact, is guilty of, if that is the case, then that defeats that statutory objective of sentencing.

Rejecting the initial plea agreement, the district court discussed the requirements of Guideline § 6B1.2(a), noted the discrepancy between the sentencing range after the plea and the range after a conviction on all charges, and stated,

In other words, if I were to approve the plea agreement and sentence on the basis of the plea agreement, then there would not be a conviction for the drug offense with the consequence that one of the objectives of sentencing, that is, the prior drug offenses, be taken into account in the sentencing for future drug offenses would be defeated.  So, I've concluded that I cannot make the determinations contemplated by Section 6B1.2; therefore, I've concluded that I cannot accept the plea agreement.

Considering the second plea agreement, the district court again expressed concern over the disparity in sentencing ranges.  At sentencing, the court stated:

I'm not going to approve the plea agreement in the sense

6

district court's concerns dictated the outcome of his case.

A district court is absolutely prohibited from participating in plea negotiations. Fed. R. Crim. P. 11(e)(1); United States v. Miles, 10 F.3d 1135, 1139 (5th Cir. 1994). Judicial involvement in the plea negotiation process is to be strictly limited to rejection of the agreement and an explanation for the rejection. See id. at 1139-40; Fed. R. Crim. P. 11(e)(3). Nevertheless, under Rule 11 "a district court must actively participate in the discussions that occur after a plea agreement is disclosed." Crowell, 60 F.3d at 203.

The fact that the parties rely on the district court's comments in fashioning a subsequent plea agreement is not determinative of whether the district court engaged in plea negotiations. Id. at 204. Rather, when evaluating a district court's comments concerning a plea agreement, "[t]he proper inquiry is whether the district court was actively evaluating a plea agreement, as the court is required to do, or whether the court is suggesting an appropriate accommodation for a subsequent plea agreement, something this Court found prohibited in Miles." Id.

---

contemplated by the guidelines because I can't make the findings that would be required for me to apply the -- approve it under the standard proposed by the guidelines, and normally I would not approve a plea agreement of this kind. But somewhat because of the history of this case, I'm going to go ahead and accept the plea agreement, but it's not in a sense that I approve it or think it's a proper plea agreement. I'm simply going to go forward with the sentencing and not reject the plea agreement.

7

We observe that the district court did not engage in plea negotiations; rather, it properly stated its reasons for rejecting the plea agreement. The district court merely expressed its concerns with the initial plea agreement, and did not suggest an appropriate accommodation for a subsequent plea. Nowhere did the district court state, as Jeter contends, that a plea would have to result in a drug conviction in order to be acceptable. See supra n.3; cf. Crowell, 60 F.3d at 203 (finding a violation of Rule 11 in district court's suggestion that, for a plea to be acceptable, "a sentence significantly in excess of what [Crowell] likely would serve under the prior . . . plea agreement would be required").

In this case the district court neither interfered with ongoing plea negotiations, as in Crowell, nor specified what plea agreement would be acceptable, as in Miles. Accordingly the judgment of the district court is

AFFIRMED.