United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40451
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN FOY, also known as Isa El-Mahde,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-293-ALL
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Joaquin Foy pleaded guilty to a single-count indictment charging him with threatening to assault and to murder an Assistant United States Attorney and a Special Assistant United States Attorney. Although he did not raise any objections below, Foy now argues that his plea was involuntary because the district court participated in the plea negotiations and failed to explain the charges against him prior to accepting his plea. As these issues are raised for the first time on appeal they are subject

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the plain error standard of review.  United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000); United States v. Vonn, 535 U.S. 55, 59 (2002).

Foy is correct in his assertion that a district court is not permitted to participate in plea negotiations.  United States v. Jeter, 315 F.3d 445, 449 (5th Cir. 2002); FED. R. CRIM. P. 11(c)(1).  The record in this case shows that the district court did not participate in any discussion of a plea agreement. United States v. Miles, 10 F.3d 1135, 1140 (5th Cir. 1993) (internal citation omitted).  The record shows that "the district court was actively evaluating a plea agreement, as the court is required to do" not "suggesting an appropriate accommodation for a subsequent plea agreement."  United States v. Crowell, 60 F.3d 199, 204 (5th Cir. 1995).

Foy argues that the district court violated Fed. R. Crim P. 11(b)(1)(G) because the court did not explain the nature of the charges to which Foy was pleading.  The record shows that the district court complied with the dictates of Rule 11.  See United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

AFFIRMED.