# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 08-40624

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY SELF,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant Rocky Self appeals his sentence, imposed pursuant to a plea agreement, for violations of 18 U.S.C. § 924(c). For the reasons set forth herein, we VACATE Self's conviction and sentence and REMAND for further proceedings not inconsistent with this opinion.

## I

Self was indicted on two counts of bank robbery and aiding and abetting the same in violation of 18 U.S.C. § 2113(a) and (d) (Counts I and III), and two counts of carrying a firearm during a crime of violence and aiding and abetting the same in violation of 18 U.S.C. § 924(c) (Counts II and IV). He pleaded guilty to Counts III and IV and agreed to cooperate with the Government in exchange for the Government's agreeing to drop Counts I and II.

The parties entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which specified that Self would receive 87 months' imprisonment for Count III and 84 months for Count IV, a total of 171 months.  The plea agreement gave Self the right to withdraw his plea of guilty if the district court declined to accept the agreed-to sentence.  Self waived the right to appeal "on all grounds," but reserved the right to appeal the failure of the district court to impose a sentence in accordance with the terms of the agreement.

A magistrate judge accepted Self's guilty plea and recommended that the district court sentence Self in accordance with the terms of the parties' agreement.  However, the presentence report (PSR) submitted to the district court recommended a lengthier sentence than that to which the parties had agreed for Count III.  The PSR determined that Self was a career offender and recommended a career offender enhancement on Count III that raised the advisory guidelines range to 188 to 235 months. When the mandatory minimum of 84 months for Count IV was added, the resulting guidelines range was 272 to 319 months' imprisonment. Self objected to the PSR's determination that he was a career offender; but, at sentencing, he withdrew his objection.

At sentencing, the district court informed Self that based on the career offender enhancement, it would not accept the parties' agreed-to sentence of 70 to 87 months for Count III.  The district court informed Self of his right to withdraw his guilty plea and that if he did not withdraw his plea, he might receive a sentence less favorable than that agreed to in the plea agreement. Self declined to withdraw his guilty plea. The district court reiterated that it would accept all of the plea agreement's terms except the recommended sentence as to Count III.  Self again stated that he did not wish to withdraw his plea.  Self allocuted and his defense attorney requested the minimum sentence.  The district court then sentenced Self to the minimum sentence of 188 months for

Count III, taking into account the career offender enhancement, and 84 months for Count IV, resulting in a sentence of 272 months.

Self did not timely appeal. Rather, he filed two pro se motions for reduction in sentence. He then filed a 28 U.S.C. § 2255 petition for permission to file an out-of-time appeal. The district court granted the petition and appointed counsel. We now consider Self's appeal.

## II

The Government argues that Self waived the right to appeal his sentence in the plea agreement. Because we conclude, *infra*, that the district court rejected the plea agreement *in toto*, Self's waiver of rights in that agreement does not bar his appeal. *See, e.g.*, *United States v. Moore*, 275 F. App'x 394, 395 (5th Cir. 2008) (unpublished) (noting that an appeal waiver is not enforceable after a district court rejects a plea agreement containing such a clause); *see also In re Vasquez-Ramirez*, 443 F.3d 692, 697 (9th Cir. 2006) (noting that if a plea agreement is rejected, a defendant who persists in his guilty plea is entering a "naked plea, unencumbered by the waivers of his right to appeal or collaterally challenge the proceedings"). Even assuming Self's appeal waiver was enforceable, its terms do not apply here. The plea agreement reserved Self's right to appeal "the failure of the Court, after accepting the agreement, to impose a sentence in accordance with the terms of this agreement." The 272 month sentence imposed by the district court exceeded the 171 month sentence stipulated to in Self's plea agreement; the sentence was not "in accordance" with the plea agreement's terms. There is no obstacle to Self's appeal.

## III

### A

Self argues that he is entitled to a sentence reduction because the district court accepted the plea agreement but did not comply with its terms. Self did not raise any objection to the proceedings at the sentencing hearing and he did not assert this argument as a basis for a sentence reduction in either of his post-

hearing motions. Accordingly, we review for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1427–29 (2009); *United States v. Smith*, 417 F.3d 483, 487–88 (5th Cir. 2005). Self must show an error that was not affirmatively waived, that is clear or obvious, and that affected his substantial rights. *Puckett*, 129 S. Ct. at 1429. If these requirements are met, we have the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation omitted) (alteration in original).

**B**

The first issue is whether the district court accepted or rejected the plea agreement. Self contends that the district court accepted the plea agreement but did not comply with the sentencing terms agreed to by the parties as required under Federal Rule of Criminal Procedure 11(c)(1)(C). The Government contends that the district court rejected the plea agreement because it disagreed with the sentencing agreement reached by the parties.

The parties agreed to specific sentences for Counts III and IV pursuant to Rule 11(c)(1)(C), which makes such a sentence binding on the court once the court accepts the plea agreement. Rule 11 further requires that "the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." FED. R. CRIM. P. 11(c)(3)(A). "If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgement." FED. R. CRIM. P. 11(c)(4). If it rejects the plea agreement, then it must:

> inform the parties that the court rejects the plea agreement; . . . advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the [guilty] plea; and . . . advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

4

FED. R. CRIM. P. 11(c)(5).

At sentencing, the district court considered and agreed with the PSR's finding that Self was a career offender subject to a career offender enhancement. The court further found that the applicable Guidelines range would be 188 to 235 months as to Count III (rather than 70 to 87 months as specified in the plea agreement) and 84 months for Count IV, to run consecutively. The court then stated:

> [I] advise the defendant that I will not follow, cannot follow . . . that portion of the plea agreement, which would have set the sentence . . . [at] 70 to 87 months. . . .
>
> I must inform the parties of my rejection of that part of the plea agreement.

The court warned Self as required by Rule 11(c)(5):

> I must advise the defendant personally that the court is not required to follow that plea agreement, and I give you an opportunity to withdraw your plea of guilty.
>
> And I advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably than that in the plea agreement. But you have a right to withdraw . . . . And if you don't withdraw . . . it would be that part of the plea agreement that would be changed, however, the rest of the plea agreement will remain the same.

The court asked Self whether he wished to withdraw his plea. Self stated, "No, sir, I don't." Self was then allowed to allocute and the district court sentenced him to 272 months, rather than 171 months as specified in the plea agreement.

Although we have found no case in our Circuit that explicitly addresses whether a plea agreement may be accepted or rejected on a piecemeal basis, based on the language of Rule 11, we conclude that it cannot. *See* FED. R. CRIM. P. 11(c)(3)(A) (finding that "the court may accept the *agreement*, reject it, or defer a decision until the court has reviewed the presentence report" (emphasis added)); *see also In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007) (noting that a

5

court may not accept a plea agreement on a piecemeal basis); *McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003) (noting that a court may accept or reject a plea agreement but may not modify it). Rule 11 speaks in terms of a "plea agreement" and "does not distinguish between 'sentence bargains'" and "so-called 'charge bargains,' in which a criminal defendant typically pleads guilty to a specific charge in exchange for the prosecution agreeing to drop other charges." *In re Morgan*, 506 F.3d at 709. At least one other court has concluded that the "rejection of a stipulated sentence constitutes rejection of the entire plea agreement, thereby triggering the mechanisms in . . . Rule 11(c)(5)." *Id.* We agree. By rejecting the agreed-to sentence of 87 months on Count III, the district court constructively rejected the plea agreement *in toto*.[1] Further indicia that the district court rejected the plea agreement is that it admonished Self as required by Rule 11(c)(5), which sets forth the warnings that must be delivered to a defendant when the court rejects a plea agreement.

## C

It was within the district court's discretion to reject the plea agreement. *See Smith*, 417 F.3d at 487 ("A district court may properly reject a plea agreement based on the court's belief that the defendant would receive too light of a sentence."). However, the district court was not permitted to reject the plea agreement and then re-impose it on the parties with terms that it found acceptable. *See, e.g.*, *McClure*, 335 F.3d at 413. In this respect, the colloquy between Self and the district court is problematic. Although the district court followed the dictates of Rule 11(c)(5) in advising Self that he could withdraw his plea and might be sentenced more harshly, the district court at the same time stated that the plea agreement would stand in all respects except for the

---

[1] We note that the district court unnecessarily muddied the waters by making statements to the effect that it was rejecting "that portion of the plea agreement" specifying an 87-month sentence. The better practice is to make clear that the entire plea agreement is being rejected and then give the Rule 11 warnings.

sentence. Thus, it is unclear whether Self understood that if he withdrew his plea of guilty, he could either proceed to trial or try to negotiate a new plea agreement, or if he persisted in his guilty plea, he would be sentenced without any of the constraints or benefits of the plea agreement, including the government's agreement to drop two of the counts. Instead, it appeared that the district court was offering the same terms as the plea agreement, except that the sentence would be changed.

The district court's error substantially affected Self's rights. He bargained for 171 months' imprisonment in exchange for cooperating with the Government and agreeing to other conditions imposed by the plea agreement. But instead of that bargained-for outcome, Self was subjected to an altogether different bargain—one of the district court's making. Had the district court rejected Self's plea agreement *in toto* and sent the parties back to the drawing board, we cannot say what agreement they might have struck.

Strict compliance with Rule 11 is generally required. *See, e.g.*, *McCarthy v. United States*, 394 U.S. 459, 463–64 (1969) (holding that "a defendant is entitled to plead anew if a . . . district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11"). For the same reasons that the district court may not involve itself in plea negotiations, it may not reject a plea agreement and then, nonetheless, impose it on the parties with modifications that it chooses. "Judicial involvement in the plea negotiation process is to be strictly limited to rejection of the agreement and an explanation for the rejection." *United States v. Jeter*, 315 F.3d 445, 449 (5th Cir. 2002); *see also* FED. R. CRIM. P. 11(c)(1). Failure to properly inform Self that the entire plea agreement was being rejected, compounded by the district court's error in re-imposing all of the terms of the plea agreement on Self, except for the agreed-to sentence under Rule 11(c)(1)(C), requires reversal because such error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See, e.g.*, *United States v. Adams*, 634 F.2d 830, 836 (5th Cir. 1981).

7

The proper remedy is to vacate Self's conviction and sentence and allow him to proceed before a different judge. *See United States v. Miles*, 10 F.3d 1135, 1142 (5th Cir. 1993) (noting that the proper remedy for a Rule 11 violation arising from a judge's participation in plea negotiations is to vacate the sentence and conviction and allow a defendant to replead before a different judge); *Adams*, 634 F.2d at 842–43 ("Our remand for resentencing before a different judge is intended . . . to extend the prophylactic scheme established by Rule 11," not a judgment "as to the actual impartiality of the district court judge who heard this case.").

## IV

Accordingly, we VACATE Self's conviction and sentence and REMAND the case for assignment to a different judge for proceedings not inconsistent with this opinion.