# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

Lyle W. Cayce
Clerk

No. 10-40106
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN MICHAEL KOLLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CR-46-1

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Benjamin Michael Kollar pleaded guilty pursuant to a written plea agreement to one count of assaulting a United States employee, in violation of 18 U.S.C. § 111(a)(1). In the plea agreement, he stipulated that he was subject to the career offender provisions of U.S.S.G. § 4B1.1, and both parties agreed that a sentence of 37 months–within the guidelines range of 37 to 46 months–was appropriate. Kollar also waived his right to appeal his sentence on all grounds, with the reservation that he could appeal (a) any sentence exceeding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statutory maximum, and (b) a claim of ineffective assistance of counsel affecting the validity of the waiver. The district court sentenced Kollar to 37 months in prison in accordance with the plea agreement.

Kollar now appeals, arguing that his trial counsel rendered ineffective assistance by failing to object to the use of Kollar's prior Texas robbery conviction as a predicate conviction for purposes of § 4B1.1. The Government argues that the appeal is barred by the waiver, that the record is not sufficiently developed to entertain an ineffective assistance claim, and that the application of § 4B1.1 was proper in light of existing precedent. Thus, the Government moves for dismissal, summary affirmance, or an extension of time to file a brief.

We conclude that the appeal is barred by the plain terms of the waiver, *see United States v. White*, 307 F.3d 336, 340 (5th Cir. 2002), and that Kollar has offered no valid reason that it should not apply. Kollar's reliance on *United States v. Self*, 596 F.3d 245, 247-50 (5th Cir. 2010), is misplaced. The district court's order at sentencing that the special assessment was due immediately was not inconsistent with Kollar's obligation to pay the assessment before sentencing. There was none of the piecemeal rejection or modification of the agreement that we held was improper in *Self*. Absent any valid argument for disregarding the waiver, we will hold Kollar to his bargain. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Even without the waiver, we would decline to entertain Kollar's appeal, as we do not have a sufficiently developed record to determine whether counsel's conduct was deficient or based on a sound strategy. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion to dismiss or for an extension of time to file a brief is DENIED as unnecessary.