# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2011

Lyle W. Cayce
Clerk

No. 10-50703
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOE ALBERT SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-59-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joe Albert Smith pled guilty pursuant to a written plea agreement to evasion of payroll taxes in violation of 26 U.S.C. § 7201. The district court imposed a sentence of 60 months in prison to be followed by three years of supervised release, and also ordered Smith to make restitution in the amount of $27,784,112.35.

On appeal, Smith argues that his conviction and sentence should be vacated because the district court failed to inform him that it was rejecting the plea agreement and did not provide the appropriate Federal Rule of Criminal Procedure 11 colloquy when it imposed a restitution amount greater than the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount specified in the plea agreement. He further argues (1) that he is entitled to sentencing before a different judge because the Government breached the plea agreement and (2) that the district court erred in imposing restitution as part of his sentence and in ordering payment of a sum based, in part, on conduct for which he was not convicted.

Smith did not object on these bases in the district court. Accordingly, review is for plain error only. *See United States v. Self*, 596 F.3d 245, 248 (5th Cir. 2010). Because an illegal sentence always constitutes plain error, we review *de novo* Smith's assertion that the district court erred in ordering that he pay restitution as a component of his sentence. *See United States v. Nolen*, 472 F.3d 362, 382 & n.52 (5th Cir. 2006). Although Smith's plea agreement contained a provision wherein Smith agreed to waive his right to appeal his conviction or sentence, the Government has evidenced its intention not to enforce the appellate waiver as it pertains to Smith's sentence and has waived the issue regarding Smith's conviction. *See United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001).

Because Smith's plea agreement did not contain a sentencing agreement of the type binding on the district court, Smith cannot demonstrate that the district court's rejection of the stated restitution amount triggered its obligation to give the Rule 11 admonishments and offer him an opportunity to withdraw his guilty plea. *See id.* at 804; Fed. R. Crim. P. 11(c)(1)(C). Accordingly, the district court did not commit plain error, and the provision of the plea agreement waiving Smith's right to appeal his conviction is still valid. *See Self*, 596 F.3d at 248; *Rhodes*, 253 F.3d at 804-05.

The plea agreement stated that Smith agreed to pay $5,057,119 in restitution; however, the Government made no promises regarding Smith's final sentence and did not promise to advocate for any specific sentence. Because the Government did not breach any terms of the plea agreement, Smith is not

entitled to resentencing. *See United States v. Brown*, 328 F.3d. 787, 790 (5th Cir. 2003); *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

In federal tax evasion cases, the district court is not permitted to order restitution as part of the sentence under 18 U.S.C. § 3663. *Nolen*, 472 F.3d at 382. However, restitution may be imposed as a condition of supervised release under 18 U.S.C. § 3583, "but only if 'the specified sum of taxes . . . has [] been acknowledged, conclusively established in the criminal proceeding, or finally determined in civil proceedings.'" *Id.* (citations omitted). In addition, restitution may be imposed as a condition of supervised release, even absent a final determination or adjudication of the exact amount owed, if the losses are limited solely to the underlying offense of conviction. *United States v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008).

As the Government concedes, it was error for the district court to impose restitution as a separate component of Smith's sentence. *See Nolen*, 472 F.3d at 382. Furthermore, even if the district court had imposed restitution as a condition of Smith's supervised release, it plainly erred by relying on relevant conduct to calculate the amount of restitution. *See United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005). Accordingly, Smith's conviction and sentence are AFFIRMED. Smith's restitution order is REMANDED for the limited purposes of allowing the district court to determine whether it wishes to impose restitution as a condition of supervised release, and if so, how much. *See id.* at 595-96; *Nolen*, 472 F.3d at 382.

If the district court decides not to impose restitution, the restitution order should be vacated ipso facto. *See Nolen*, 472 F.3d at 383. Due to the limited nature of this remand, we retain appellate cognizance over this case, and if the district court decides to reimpose restitution, the case shall be returned to this panel for further review of the new restitution order. *See id.*

CONVICTION AND SENTENCE AFFIRMED; RESTITUTION ORDER REMANDED.