# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued November 14, 2011        Decided January 20, 2012

No. 11-3024

UNITED STATES OF AMERICA,
APPELLEE

v.

MICHAEL P.S. SCANLON,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cr-00411-1)

*Stephen L. Braga* argued the cause and filed the briefs for appellant.

*Demetra Lambros*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief was *Nathaniel B. Edmonds*, Trial Attorney. *Roy W. McLeese III*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, *Chief Judge*, TATEL, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: Michael Scanlon appeals the denial by the district court of his "motion to amend or modify his plea agreement." Because courts are not authorized to order modification or amendment of plea agreements, we affirm the denial of his motion.

**Background**

In 2005, the appellant, Michael P.S. Scanlon, pled guilty to a one-count information charging a conspiracy with three objects: bribery of federal officials; money-or-property mail and wire fraud; and honest services mail and wire fraud in violation of, *inter alia*, 18 U.S.C. § 1346. The information Scanlon pled guilty to set forth the following scenario. A Washington lobbyist whose clients included Native American Indian tribes interested in operating gambling casinos persuaded some of those clients to hire a firm established by Scanlon in Washington, D.C., purportedly to provide grass roots work, public relations services, and election campaign support. Scanlon would charge these clients prices that incorporated huge profit margins and then kick-back to the lobbyist fifty percent of the firm's net profits. Certain funds requested by Scanlon and the lobbyist for specific client purposes were in fact being used for their own personal benefit. Additionally, Scanlon and the lobbyist would provide things of value to federal public officials in exchange for the officials' influence to benefit their clients.

Scanlon's plea was the result of a plea agreement between Scanlon and the government and accepted by the district court, all pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement specifically stated that Scanlon was pleading guilty to the crimes charged in the information, including honest services mail and wire fraud in violation of 18 U.S.C. § 1346. The plea agreement set forth Scanlon's offense level under the United States Sentencing Guidelines; the

government agreed, however, to seek a lower sentence if Scanlon accepted responsibility for his actions and/or cooperated with the government in its investigation. The plea agreement also specified that restitution to the victims of Scanlon's crimes was mandatory, and that the estimated loss was approximately 20 million dollars.

Scanlon was not then sentenced but instead, for the next five years, cooperated with the government in its investigation of corruption on Capitol Hill. In 2010, still before sentencing, Scanlon filed a motion in the district court "to modify or amend his plea agreement" in light of the holding in *Skilling v. United States*, 130 S. Ct. 2896 (2010), which concerned honest services fraud in violation of 18 U.S.C. § 1346. Scanlon argued that under the holding in *Skilling* the honest services fraud in violation of 18 U.S.C. § 1346 to which he pled guilty could no longer be maintained against him. In its opinion disposing of Scanlon's motion, the district court noted that if Scanlon's *Skilling* argument were correct, material consequences for Scanlon's sentencing and restitution would result. The district court concluded, however, that Scanlon's interpretation of *Skilling* was erroneous and denied the motion. Scanlon was subsequently sentenced to 20 months imprisonment and ordered to pay approximately 20 million dollars in restitution. Scanlon now appeals the district court's denial of his motion to modify or amend his plea agreement.

## Discussion

On appeal Scanlon renews the *Skilling* argument he made below, contending that the final judgment of conviction and restitution against him should be reversed and remanded for redetermination without consideration of the § 1346 honest services fraud portion of his plea. The government responds by arguing, for the first time on appeal, that neither we nor the

district court are authorized to modify or amend plea agreements. We agree. Rule 11 of the Federal Rules of Criminal Procedure strictly limits the role of the court in plea agreements. First, the court is prohibited from participating in plea agreement discussions. Fed. R. Crim. P. 11(c)(1). Furthermore, after the plea agreement has been finalized between the government and the defendant, the court, when considering a plea agreement like the one at issue here, is limited to accepting the plea, rejecting it, or deferring a decision. Fed. R. Crim. P. 11(c)(3)(A). Modification of the agreement by the court is not an option. As we have noted previously, "[t]he district court may accept or reject [the] plea, but it may not modify it." *United States v. Goodall*, 236 F.3d 700, 703 (D.C. Cir. 2001) (citation, quotations omitted). Most importantly for our purposes here, changing of the agreement by the court after acceptance of the plea is also not allowed. As the Fifth Circuit has held, "once the court has accepted the [plea] agreement, it may not subsequently reject or modify it." *McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003). Otherwise put, "[t]here is no provision in the [Federal Rules of Criminal Procedure] allowing a court to reject or modify an agreement once accepted." *United States v. Ritsema*, 89 F.3d 392, 399 (7th Cir. 1996). We agree. The district court accepted Scanlon's plea agreement, which included pleading guilty to honest services fraud in violation of 18 U.S.C. § 1346. The district court is not authorized to modify or amend Scanlon's plea agreement.

Scanlon argues otherwise, but he is unable to cite any case in which a plea agreement was amended or modified by the court at the unilateral request of one of the parties. He nevertheless claims that the district court has the power to modify or amend his plea agreement because striking the portion of his plea to honest services fraud would affect only restitution, and under the plea agreement it is within the district court judge's determination to set the amount of restitution. He

further argues that since plea agreements are analogous to contracts, if the district court had accepted his *Skilling* argument then the government would have the option to opt out of the plea agreement because a mutual misunderstanding in the making of the plea agreement would have occurred. We hold no opinion as to Scanlon's *Skilling* argument, but even if we agreed with Scanlon that the holding in *Skilling* materially affects the honest services charges to which he pled guilty, the relief he seeks is not available to him. Once again, we agree with the Seventh Circuit. "If we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require [the defendant] and the government to begin their bargaining all over again." *United States v. Barnes*, 83 F.3d 934, 941 (7th Cir. 1996); *see also United States v. Bernard*, 373 F.3d 339, 345 n.7 (3rd Cir. 2004) ("If the provisions of a plea agreement are accepted by a court, but later found to be invalid, the proper remedy is . . . to allow the defendant to . . . either negotiate a new agreement, or proceed to trial."); *United States v. Sandles*, 80 F.3d 1145, 1148 (7th Cir. 1996) ("Where there is a mutual misunderstanding as to the material terms of a contract, the appropriate remedy is rescission, not unilateral modification.").

If Scanlon believes that certain terms of his plea agreement should have been stricken because of *Skilling*, then one recourse possibly available to him was to file a motion to withdraw his plea. Rule 11 allows a defendant to withdraw a plea which, as in Scanlon's case, has been accepted by the court but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). If Scanlon had filed a motion to withdraw on the basis of the holding in *Skilling* and the district court had denied his motion, then he could have appealed the denial and the *Skilling* issue might be properly before us. But the issue comes before us by his "motion to modify or amend his plea agreement." We can hardly hold that the district court erred by not granting relief the

appellant had not sought.  Our role is to affirm or reverse the district court's denial of the motion actually made, not one the appellant, possibly for strategic reasons, never made.  As the district court had no authority to grant the relief the appellant actually sought, the district court did not err in denying it.

## Conclusion

The district court's denial of Scanlon's motion to amend or modify his plea agreement is affirmed.