# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-20227
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRI DESOLA MORRIS,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-255-1

————

Before SMITH, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Henri DeSola Morris was convicted of one count of interstate transportation of an individual with the intent that the individual engage in a sex offense and was sentenced to serve 120 months in prison and a lifetime term of supervised release. Now, he raises claims related to purported breaches of his plea agreements and his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20227

Insofar as Morris challenges his first plea agreement, which was governed by Federal Rule of Criminal Procedure 11(c)(1)(C), this argument is unavailing.  Because the district court rejected this plea agreement, it never went into effect, and he is not entitled to relief with respect to it.  *Cf. United States v. Garcia*, 606 F.3d 209, 215 (5th Cir. 2010); *United State v. Self*, 596 F.3d 245, 247-48 (5th Cir. 2010); *United States v. Molina-Iguado*, 894 F.2d 1452, 1455 (5th Cir. 1990).  This argument lacks merit.

Morris's challenges to his second plea agreement likewise lack merit.  His argument that the Government breached the second plea agreement by arguing that the second PSR should be used was preserved but is unavailing.  The plea agreement is unambiguous and contains nothing that would lead to a reasonable understanding that the first PSR would be used.  *See United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2016); *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

His novel and creative arguments that a breach is shown by application of the law of the case, estoppel, and vindictiveness doctrines are reviewed for plain error only due to his failure to raise them in the district court.  *See Hinojosa*, 749 F.3d at 411.  Because these arguments show no obvious error, they fail.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Morris has shown no breach of his plea agreement, and the Government invokes the waiver contained therein.  This waiver bars consideration of Morris's sentencing claims, and we will not address them.  *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013).  The appeal is DISMISSED.