# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-51-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fabian Delgado appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. He contends that the appeal waiver provision in his plea agreement is invalid for various reasons and, therefore, he may argue on appeal that the district court erred in denying him a reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50674

Delgado contends that the appeal waiver should not be enforced because he received no consideration from the Government in return for pleading guilty under the plea agreement. We review this unpreserved claim for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although we are guided by general principles of contract law in construing plea agreements, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006), we have never expressly held that consideration is required to support a valid plea agreement, *see United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991). Thus, even if Delgado's plea agreement lacked a bargained-for quid pro quo, he has not shown that the district court plainly erred in accepting the plea agreement. *See Puckett,* 556 U.S. at 135; *Smallwood*, 920 F.2d at 1239-40.

Delgado further maintains that the appeal waiver is invalid because the Government breached the plea agreement by making arguments and offering evidence against a reduction for acceptance of responsibility. This claim, which we also review for plain error, *see Puckett*, 556 U.S. at 134-43; *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996), is misguided.

In the plea agreement, the Government promised to move for a one-level reduction under § 3E1.1(b) if the district court found that Delgado qualified for the two-level reduction set forth in § 3E1.1(a). However, the Government made no promises as to the reduction provided in § 3E1.1(a), including, inter alia, to recommend it or not oppose it. Accordingly, the plea agreement did not restrict the arguments or evidence that the Government could present as to whether Delgado accepted responsibility under § 3E1.1(a). *See United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005). Further, because the district court concluded that Delgado was ineligible for a two-level reduction under § 3E1.1(a) because he engaged in criminal activity while he was detained prior to his sentencing, the condition triggering the Government's obligation to move for an additional

one-level reduction under § 3E1.1(b) was not fulfilled.  Thus, the Government did not breach the plea agreement.  *See United States v. Cluff,* 857 F.3d 292, 299-300 (5th Cir. 2017).

Finally, Delgado argues that the appeal waiver is unenforceable because the district court did not comply with the plea agreement.  He asserts that the plea agreement required the district court to grant a three-level reduction for acceptance of responsibility, and the refusal of the district court to grant that reduction was tantamount to a rejection of the plea agreement.  We review the newly raised claim for plain error only.  *See Puckett*, 556 U.S. at 134-43.

The refusal of the district court to grant a reduction under § 3E1.1 was not incompatible with the terms of the agreement.  The plea agreement – which was entered into under Federal Rule of Criminal Procedure 11(c)(1)(A) – had no provision that bound the district court to grant a reduction under § 3E1.1.  Instead, the plea agreement set forth that the district court had to determine whether Delgado accepted responsibility under § 3E1.1(a), and, if it did so, the Government had to request an additional one-level reduction under § 3E1.1(b).  Thus, the plea agreement allowed the district court to deny a reduction under § 3E1.1(a), and, in turn, excuse the Government from its promise.  Accordingly, Delgado has not established that his failure to receive a reduction pursuant to § 3E1.1 constituted a rejection of the plea agreement.  *See United States v. Self,* 596 F.3d 245, 247 (5th Cir. 2010).

Delgado has not shown that the appeal waiver should not be enforced.  Because he does not argue that the waiver otherwise is invalid, this court may not review any claims that are barred by the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  Therefore, we do not consider his challenge to the denial of a reduction under § 3E1.1.  *See id.*

AFFIRMED.