# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2023

Lyle W. Cayce
Clerk

No. 22-30369

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRED DOUGLAS BROOKS, III,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-86-1

_____

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

Defendant-Appellant Fred Brooks appeals the district court's entry of an order of forfeiture as part of his criminal sentence for his drug and money-laundering conspiracy offenses. Because the district court complied with our prior remand and because the relief Brooks seeks is prohibited by the Federal Rules of Criminal Procedure and our caselaw, we AFFIRM.

No. 22-30369

## I.

In 2015, Brooks pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute a kilogram or more of heroin and one count of conspiracy to commit money laundering. In the plea agreement, Brooks "agree[d] to forfeit and give to the United States" any property derived from proceeds of the offenses to which he was pleading guilty. The plea agreement specified that "[t]hese assets include, but are not limited to, any assets charged in the Superseding Indictment or any Bill of Particulars filed by the United States." Brooks "agree[d] that any asset charged in [those two documents] is forfeitable as proceeds of the illegal activity for which he is pleading guilty." Before Brooks signed his plea agreement, the Government filed a superseding bill of particulars for forfeiture identifying, among other assets, $3,051 in a credit-union savings account and a condominium in Martin County, Florida.

On May 28, 2015, Brooks appeared in open court alongside four of his coconspirators to enter his guilty plea. The district court asked the Government if it intended to seek forfeiture from any of the defendants. The Government said yes. The court explained to the defendants that if the Government identified property or assets used in or gained from the commission of the offense, it may seek to have that property turned over to the Government. When asked if he understood that, Brooks answered, "Yes, sir." The court then asked Brooks and the others if they had each read their plea agreements with their attorneys, and if they understood that the plea agreement constitutes the entirety of any agreement between the defendants, their attorneys, and the Government. Brooks said yes. The court found that Brooks' plea was knowing and voluntary, accepted the guilty pleas and plea agreement, including Brooks' stipulation to forfeit the credit-union money and Florida condo, and adjudicated him guilty on both counts.

2

No. 22-30369

Brooks was sentenced two years later. After the sentencing hearing, the Government moved for a final order of forfeiture of the previously identified property, which the district court granted.

In 2018, Brooks appealed his conviction and sentence to this court on various grounds. Our court rejected Brooks' challenges to his guilty plea and plea agreement, and accordingly affirmed his conviction. *United States v. Brooks*, 804 F. App'x 219, 222-23 (5th Cir. 2020) (per curiam). But the court found that the district court had failed at sentencing to orally pronounce forfeiture, as required by Federal Rule of Criminal Procedure 32.2, and therefore vacated Brooks' sentence and remanded for re-sentencing. *Id.* at 224. Brooks had also argued that "his trial counsel was ineffective for failing to contest criminal forfeiture," but, because the court had remanded for re-sentencing, it declared that his claim for ineffective assistance of counsel ("IAC") was "moot." *Id.*

In 2022, the parties returned to the district court for re-sentencing. The district court conducted a lengthy hearing, considering and ruling on new objections from Brooks' counsel that were not raised at the initial sentencing. The court heard extensive oral argument from defense counsel and the Government relating to those objections.

The district court then raised the issue of forfeiture. Brooks argued that the Government had not proven that the credit-union funds and Florida condo were derived from his drug and money-laundering activity. The Government's response was simple: Brooks stipulated in his plea agreement that the property was forfeitable. It explained that, in the plea agreement, Brooks "specifically states that he agrees to what we know as the factual nexus between the property the government is moving for forfeiture on and the crime to which he pled. Pursuant to that plea agreement, he admits the required factual nexus between the property and the crime."

No. 22-30369

Brooks replied that his agreement to the forfeiture provisions was not knowing and voluntary because his plea counsel had not advised him about forfeiture. Specifically, Brooks alleged that he did not know he stipulated to forfeiture because plea counsel did not advise him about the forfeiture aspects of his criminal proceeding because the Federal Public Defender, in turn, had told plea counsel that forfeiture was outside the scope of her representation.

The Government responded that Brooks cannot "accept piecemeal parts of the plea agreement and decide what [he's] binding himself to and what [he's] not." The Government was clear that while Brooks could seek to withdraw his plea, he could not "pick and choose parts of the plea agreement that apply and don't apply." "Either he's accepting all the terms of that plea agreement or he's not."

The district court, for its part, had evidentiary concerns. It said that if Brooks wanted to argue that plea counsel was ineffective, the court "would want [plea counsel] right here" because it "would have some questions for her." The court said that it would "have to judge her credibility if [Brooks] want[ed] to argue that," and that it would take up the issue in a habeas petition under 28 U.S.C. § 2255.

The district court explained that Brooks had declared under oath at re-arraignment that he had read his plea agreement, discussed it with his lawyer, and understood it. "[T]he fact is," the court said, Brooks "stipulat[ed] that he was forfeiting all the property that the government alleged was connected to th[e] offense." Based on the court's assessment, Brooks "clearly knew what he was doing." The court therefore held Brooks to his guilty-plea bargain and rejected his objection to the guilty-plea forfeiture provision, while advising that the alleged ineffectiveness could be raised on federal habeas.

No. 22-30369

After hearing Brooks' allocution, the district court sentenced Brooks to thirteen and a half years' imprisonment, eight years of which he had already served. This reflected a four-and-a-half-year decrease from the sentence previously imposed.

Brooks now appeals his sentence for the second time. He contends that the district court at re-sentencing violated the mandate of our 2020 remand order by declining to hear Brooks' substantive objections to forfeiture. For the following reasons, we reject Brooks' arguments and affirm.

## II.

### A.

Brooks premises his appeal on an asserted violation of our "mandate rule." Under the mandate rule, courts on remand "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citation omitted). We review a district court's interpretation of a remand *de novo*. *United States v. Hernandez*, 48 F.4th 367, 371 (5th Cir. 2022).

At the outset, we reject Brooks' general contentions that the district court violated our mandate by failing to conduct a "plenary" re-sentencing. The district court's re-sentencing hearing lasted for over an hour, produced a forty-eight-page transcript, and was in all respects plenary. Indeed, before starting the hearing, the court confirmed with both Brooks and the Government that Brooks would raise new objections and arguments not made at the previous sentencing. All parties agreed, and the district court heard extensive arguments on Brooks' new objections. The hearing then proceeded to

cover all aspects of Brooks' criminal sentence and, as noted, resulted in an even lower prison sentence than the one imposed the first time.

The main focus of Brooks' appeal, though, is the district court's treatment of his forfeiture objections at re-sentencing. Here, too, the district court did not err. At re-sentencing, Brooks sought to raise substantive objections to the forfeiture of his Florida condo and credit-union funds, but the court overruled the objections on the basis that Brooks had stipulated to forfeiture of that property in his plea agreement. Brooks asked the district court to look past that provision because it was allegedly not knowing or voluntary, but the district court denied the request. Brooks contends that the district court thereby violated our remand order.

Brooks' argument fails. The 2020 panel did not authorize, much less mandate, the district court to revisit Brooks' sworn and signed plea agreement. To the contrary, the 2020 panel *affirmed* Brooks' conviction and plea agreement. *Brooks*, 804 F. App'x at 223 ("[W]e hold that Mr. Brooks' conviction was not the result of an unconstitutional guilty plea."); *id.* at 224 ("[W]e AFFIRM Mr. Brooks' conviction . . . ."). Accordingly, although Brooks' *sentence* was vacated, when the parties returned for re-sentencing, Brooks' conviction and plea agreement with the Government remained intact. *See United States v. Ritsema*, 89 F.3d 392, 401 (7th Cir. 1996) ("The fact that we remanded the case to the district court . . . did not open the door to reconsideration of the plea bargain. We remanded for the sole purpose of resentencing . . . . Nothing we said . . . had any effect on the binding nature of the plea agreement, which the district court had long since accepted without qualification."). Brooks therefore remained bound on remand by his stipulation that the credit-union money and Florida condo were forfeitable as proceeds of his criminal activity. The district court thus did not violate our remand order when it declined to strike or look past this provision in Brooks' sworn plea agreement.

## B.

More fundamentally, though, the relief that Brooks sought from the district court is not available to him as a matter of law.  Again, Brooks asked the district court to nullify his plea agreement's sworn stipulation that the property was forfeitable, while leaving the remainder of the plea agreement untouched.  On appeal, Brooks maintains that the district court ought to have obliged this request.  But a judicial line-item veto of a term in a plea agreement is prohibited by the Federal Rules of Criminal Procedure, as well as our court's binding caselaw.

Rule 11 of the Federal Rules of Criminal Procedure governs pleas in federal criminal cases and strictly limits courts' roles as to plea agreements. The Rule specifies that "[t]he court must not participate" in plea discussions between the defendant and the Government.  FED. R. CRIM. P. 11(c)(1). A court's only options are to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."  FED. R. CRIM. P. 11(c)(3)(A).  Nowhere does the Rule authorize district courts to modify or excise individual provisions of an accepted plea agreement.

Our case law acknowledges and reinforces this textual limit.  We have explained that, under Rule 11, "the district court has a limited role regarding plea agreements."  *McClure v. Ashcroft*, 335 F.3d 404, 413 (5th Cir. 2003). "The district court may accept or reject a plea agreement after one is reached," but "once the court has accepted the agreement, it may not subsequently reject or modify it."  *Id.*

In *United States v. Self*, we reiterated this principle in vacating and remanding a district court's attempt to reject a plea agreement but "then reimpose it on the parties with terms that it found acceptable."  596 F.3d 245, 249, 249-50 (5th Cir. 2010).  In determining that the district court's rejection of the agreement's stipulated sentence was necessarily a rejection of the

entire plea agreement, we explained that, "based on the language of Rule 11," "a plea agreement may [not] be accepted or rejected on a piecemeal basis." *Id.* at 249. Thus, by rejecting one specific provision of the plea agreement, "the district court constructively rejected the plea agreement *in toto*." *Id.*

This anti-piecemeal rule means that "a court choosing to accept a plea agreement does not then have the option to perform a judicial line-item veto, striking a valid appeal waiver *or modifying any other terms*." *United States v. Serrano-Lara*, 698 F.3d 841, 844-45 (5th Cir. 2012) (emphasis added).[1] In *Serrano-Lara*, we explicitly held that "the district court did not have the authority to strike [the defendant's] appeal waiver" in his plea agreement. *Id.* at 845. Accordingly, here, not only did the district court not err in leaving Brooks' plea agreement fully intact, but it would have been reversible error to strike the forfeiture provision as Brooks requested.[2]

---

[1] Other circuits are in agreement. *E.g.*, *United States v. Scanlon*, 666 F.3d 796, 798 (D.C. Cir. 2012) (Sentelle, C.J.) ("Modification of the [plea] agreement is not an option," because under Rule 11, the court "is limited to accepting the plea, rejecting it, or deferring a decision."); *United States v. Howle*, 166 F.3d 1166, 1168-69 (11th Cir. 1999) (explaining that "[m]odification of the terms of a plea agreement is . . . beyond the power of the district court," as "[s]uch a modification would impermissibly alter the bargain at the heart of the agreement"); *United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005) (concluding that the district court erred in granting the defendant "special leave to appeal his sentence" because "[i]n essence, the judge accepted the [plea] agreement but *sua sponte* rescinded one of its provisions—the one pertaining to [the defendant's] appeal waiver," and "Rule 11 does not . . . allow for piecemeal acceptance of some portions of the plea agreement, but not others").

[2] Brooks' only response to the Government's invocation of our anti-piecemeal rule is his assertion that his "case did not present a choice for the district court to accept or reject a plea agreement." This is wrong. After Brooks pleaded guilty, the district court explicitly stated on the record that it accepted the guilty plea and the "accompanying plea agreement[]."

No. 22-30369

\* \* \*

To be sure, Brooks' allegation that he did not know he was agreeing to forfeit his Florida condo or the credit-union money may warrant factual inquiry. If Brooks has evidence to support the allegation and if this ineffectiveness at the plea stage indeed tainted his decision to plead guilty, he still has an opportunity both to prove the allegation and to request relief.

In general, there are two paths available to defendants who plead guilty pursuant to a plea agreement but who later seek to allege that ineffective lawyering caused a mistaken, involuntary, or unknowing guilty plea. Defendants can either file a collateral attack on the guilty plea under 28 U.S.C. § 2255,[3] or, before the imposition of sentence, move to withdraw the guilty plea under Rule 11.[4]

But what a defendant "may not do is pick and choose which portions he wishes to abide by and which he wishes to appeal." *United States v. Martinez*, 122 F.3d 421, 423 (7th Cir. 1997). "It is inappropriate to take a blue pencil to the [plea] agreement, removing the provisions that in retrospect the

---

[3] Brooks contends that he is "procedurally barred" from raising a "forfeiture-related ineffective assistance claim" in a § 2255 proceeding, but this is wrong. While our decision in *United States v. Segler* prevents Brooks from bringing a § 2255 petition directly attacking the forfeiture order, 37 F.3d 1131, 1136-37 (5th Cir. 1994), it does not prevent him from moving under § 2255 to vacate his guilty plea on the basis of counsel's ineffective assistance regarding forfeiture at the plea stage. As *Segler* itself acknowledged, "if counsel's constitutionally insufficient assistance affected the trial court's guilt determination . . . , a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255." *Id.* at 1137.

[4] Brooks could have filed a motion to withdraw his guilty plea when he returned to the district court after our 2020 vacatur of his sentence, but he did not do so. Rule 11 expressly authorizes a defendant to withdraw his guilty plea after the court accepts the plea but before it imposes sentence, so long as "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Brooks did not file a motion to withdraw, and he has now been sentenced, so this avenue is closed. *Id.* 11(e).

No. 22-30369

defendant wishes were not there." *United States v. Wenger*, 58 F.3d 280, 283 (7th Cir. 1995). Instead, if the court "rule[s] that some provision of the plea agreement is invalid, [it] must discard the entire agreement and require [the defendant] and the government to begin their bargaining all over again." *United States v. Scanlon*, 666 F.3d 796, 798 (D.C. Cir. 2012) (last alteration in original) (citation omitted).

Accordingly, if Brooks wishes to pursue relief from his sworn stipulation that his Florida condo and credit-union money were forfeitable, he must do so through a § 2255 motion challenging the entire guilty plea. The result, if successful, would be for *all* parties to start over.[5]

## III.

In 2020, our court affirmed Brooks' guilty-plea conviction but vacated his sentence. At re-sentencing, Brooks' plea agreement with the Government remained intact and included Brooks' agreement that his Florida condo and $3,051 in credit-union funds were forfeitable as proceeds of his drug and money-laundering conspiracy offenses. Although Brooks sought recission of that stipulation, the district court had no authority to parse and rewrite his plea agreement. Unless and until Brooks seeks to unwind the entire plea agreement, he is bound by the provisions he signed and swore to in open court.

AFFIRMED.

---

[5] Brooks argues his IAC claim directly to us on appeal, but the remedy he seeks—vacatur of forfeiture—would require piecemeal modification of his plea agreement, which, as explained, is prohibited. Nonetheless, nothing in our opinion should be read to prevent consideration and evidentiary development of Brooks' IAC claim on collateral review.