**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-40519

In the Matter of KENNETH J. CONTE,

Debtor

COMMUNITY CREDIT UNION

Appellant,

VERSUS

KENNETH J. CONTE

Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

March 23, 2000

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

In this case arising out of a Chapter 7 proceeding, Community Credit Union ("Community Credit") challenges the district court's affirmance of the bankruptcy court's Order ruling that Community Credit does not have a valid lien on Kenneth J. Conte's ("Debtor") automobile. For the reasons stated herein, we REVERSE.

BACKGROUND

In May 1992, Debtor borrowed money from Community Credit to

purchase a used 1989 Cadillac Sedan Deville.  As part of this transaction, Debtor executed a one page LoanLiner Note and Disclosure Statement[1] ("Note") pledging the car as collateral.  The front-side of the Note contained Federal Truth in Lending disclosures segregated from the remainder of the information contained in the Note.  See 15 U.S.C.  § 1638.  The back-side of the Note contained two cross-collateralization clauses.  The first of these clauses pledged "all the shares and deposits in all your individual and joint accounts with the credit union now and in the future[2]" as additional collateral for the loan.  Pursuant to the Truth in Lending disclosure requirements, the Note refers to this cross-collateralization of accounts clause with the disclosures on the front of the Note.

The second cross-collateralization clause was a "future advance clause" that read:

> The security interest secures the loan described in the Truth in Lending Disclosure and any extensions, renewals or refinancings of the loan.  It also secures any other loans you have with the credit union now or in the future and any other amounts you owe the credit union for any reason now or in the future.  If the property description is marked with one star (*), or the property is household goods as defined by the Credit Practice Rule, the property will secure only this loan and not other amounts you owe.

On the front of the Note in a box marked "Security Offered," the

---

[1]The LoanLiner Note and Disclosure Statement is a preprinted form  that includes a promissory note, a number of federally required disclosure statements, and a security agreement.

[2]At approximately the same time that Debtor took out the car loan, he opened a checking account with Community Credit.

parties listed the automobile by year, make, model and Vehicle Identification Number. The parties did not mark this description with a star. There is no reference to this future advance clause in the Truth in Lending disclosures on the front of the Note.

In July of 1992, Debtor responded to a MasterCard solicitation from Community Credit by signing and returning a written request for a MasterCard account. Community Credit issued a MasterCard to Debtor, which he received and used for personal, not business, purchases.

In early October of 1995, Debtor paid off the balance of the initial car loan. At this time, Debtor sought to have Community Credit turn over the title to him. Community Credit refused, noting that Debtor owed a substantial sum on his Community Credit MasterCard[3] and that therefore the future advance clause gave it a valid lien on the vehicle.

On November 2, 1995, Debtor filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code. Three months later, Debtor filed with the bankruptcy court a Complaint to Determine Extent and Validity of Lien, asking that the court declare the security interest void and unenforceable as to the MasterCard debt. The bankruptcy court ruled that the application of the future advance clause did not comport with the clear intent of the parties and that therefore Community Credit did not have a

---

[3]The record does not indicate the exact amount of indebtedness at the time of Debtor's demand. The testimony before the bankruptcy court indicates that at the time of trial the principal amount owed was $7,158.64.

valid lien on the vehicle. See In re Conte, 217 B.R. 767, 772 (Bankr. E.D. Tex. Jan. 26, 1998). According to the bankruptcy court, the absence of any reference to the future advance clause on the front of the document suggested that the potential attachment of a lien based upon future indebtedness was not reasonably within the contemplation of the parties at the time of contracting and was therefore unenforceable. See id. at 771. In coming to this conclusion the bankruptcy court emphasized that the LoanLiner form referred to the cross-collateralization of accounts clause in both the Truth in Lending disclosures on its front and in the listing of the terms on its back while it referred to the future advance clause only on its back.[4] See id. Community Credit appealed to the district court, which summarily affirmed the bankruptcy court's reasoning and ruling. Community Credit now asks us to determine whether the future advance clause in the Note is sufficient to create a security interest in the subject vehicle with respect to Debtor's MasterCard indebtedness. We believe that it is.

## DISCUSSION

In a bankruptcy context we review findings of fact for clear error and conclusions of law de novo. See Matter of Walden, 12 F.3d 445, 448 (5th Cir. 1994). Interpretations of unambiguous contract language are questions of law subject to de novo review. See Kimbell Foods, Inc. v. Republic Nat'l Bank, 557 F.2d 491, 495

---

[4]In a footnote to its opinion the bankruptcy court noted that it did "not consider whether or mean to imply that [Community Credit] has not complied with Truth in Lending regulations . . . Whether or not the Truth in Lending regulations were complied with is not at issue." Conte, 217 B.R. at 770, n. 1.

(5th Cir. 1977), aff'd 440 U.S. 715 (1979).

Section 9.204(c) of The Texas Business and Commerce Code recognizes the validity of future advance clauses by noting that "[o]bligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment." TEX. BUS. & COMM. CODE § 9.204(c) (1973). Texas courts do not recognize the application of a future advance clause unless the future advance to be secured was reasonably within the contemplation of the parties to the agreement at the time that it was made. See Kimbell, 557 F.2d at 495; Western Auto Supply Co. v. Brazosport Bank of Texas, 840 S.W.2d 157, 159-60 (Tex. App.--Houston [1st Dist.] 1992; no writ). We look to the language of the contract, unless ambiguous, to determine the intention of the parties. Consistent with the parol evidence rule, it is this written objective evidence of intent, not the parties' subjective understandings, that controls our analysis. See Kimbell, 557 F.2d at 495.

The Note clearly indicates that the automobile may serve as collateral for future indebtedness to Community Credit incurred by the Debtor. The placement of the clause is irrelevant as long as it conforms to the Truth in Lending requirements. Because the parties did not litigate the validity of the Truth in Lending disclosures, this issue is not properly before us. Accordingly, based upon the plain language of the written agreement between the parties we conclude that the application of the future advance clause was within the parties' contemplation at the time that they

5

signed the Note and that Community Credit therefore maintains a valid lien on the Debtor's automobile.

For the foregoing reasons, we REVERSE the district court's judgment and RENDER judgment in favor of Community Credit.

REVERSED AND RENDERED