**REVISED MAY 16, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60773

United States Court of Appeals
Fif h Circuit

**FILED**

March 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADAN CASILLAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Pursuant to a written plea agreement, Adan Casillas pled guilty to possession with intent to distribute more than 50 grams of actual methamphetamine. For the first time on appeal, Casillas argues that the Government breached the plea agreement when it recommended a role reduction but subsequently put on argument and supporting evidence that undermined that recommendation. The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver

provision in the plea agreement. Casillas contends that the appeal waiver is unenforceable because of the Government's alleged breach.

Whether a plea agreement was breached is analyzed under "general principles of contract law"; we must "constru[e] the terms strictly against the [G]overnment as [the] drafter . . . ." *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012). A breach occurs "when the Government agrees to one thing at the plea but then actively advocates for something different at sentencing." *United States v. Loza-Gracia*, 670 F.3d 639, 644 (5th Cir. 2012). Casillas has the burden of demonstrating a breach by a preponderance of the evidence. *See United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010).

Casillas did not raise the breach issue in the district court. Our review is thus for plain error. *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). Under plain-error review, a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those requirements are met, we may exercise discretion to remedy the error only if it (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and alteration omitted).

Even when the plea agreement includes a waiver of the right to an appeal, as it did here, a defendant may appeal to claim a breach of a plea agreement. *See Roberts*, 624 F.3d at 244. A breach occurs if the Government's conduct was inconsistent with a reasonable understanding of its obligations. *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014). We start with determining just what the Government agreed to do.

The transcript from the sentencing hearing reveals that counsel for the Government confirmed he was recommending a role reduction based on the information the Government knew at the time about Casillas's role in the drug-trafficking organization. Counsel also said the Government learned more

information about the depth of Casillas's involvement, but "all of that was learned post my recommendation" and he was sticking to the recommendation for a role reduction.

We quote the Assistant United States Attorney to make clearer what was said at the sentencing hearing: "We made a negotiated settlement based on what we knew at the time, and that's what we do. And sometimes other information comes in later that calls that into question, and we have to live with the agreements that we've made. And so we do here also." Twice more, the Government reiterated its role-reduction recommendation. Specifically, the AUSA informed the district court that the Government left the recommendation "as simply a role reduction," and he later acknowledged that the Government did stipulate to a role reduction and reinforced that it "stick[s] by that recommendation."

The record indicates that the Government complied with its literal obligations under the plea agreement to make certain statements to the court. The crux of Casillas's argument, which is subject to our plain-error review, is that the Government breached the plea agreement — despite articulating its agreed-to recommendation — by destroying the utility of the recommendation through the presentation of evidence and testimony that effectively showed Casillas was not actually entitled to a safety-valve reduction.

We disagree. The Government does not breach a plea agreement by disclosing pertinent factual information to a sentencing court. The plea agreement did not contain any provisions restricting such disclosure. Indeed, "the Government does not have a right to make an agreement to stand mute in the face of factual inaccuracies or to withhold relevant factual information from the court." *United States v. Block*, 660 F.2d 1086, 1092 (5th Cir. Unit B Nov. 1981). The Casillas plea agreement supported this disclosure obligation by expressly permitting the Government to advise the district court of "the

nature and extent of [Casillas's] activities with respect to this case and all other activities of [Casillas] which the U.S. Attorney deems relevant to sentencing[.]" The Government recommended a role reduction and informed the court of the additional relevant information.

Casillas asserts that the Government breached the plea agreement when it "begrudgingly informed" the district court of its recommendation. Absent some provision in the plea agreement, there is no level of enthusiasm the Government must display when making a recommendation. *See United States v. Benchimol*, 471 U.S. 453, 455 (1985). We will say, though, that the Government must continue to advocate for acceptance of the agreement. Here, the Government had to balance its duty of disclosure with its agreement to recommend a particular sentence. We find the Government satisfied both obligations.

One of our precedents that might seem to require something more was discussed in *Benchimol*; the Supreme Court, though, expressly recognized that our decision involved an expression of "personal reservations" by the Government's attorneys. *Id.* at 456 (discussing *United States v. Grandinetti*, 564 F.2d 723 (5th Cir. 1977)). *Grandinetti* is also poor support for Casillas both because it predates the Sentencing Reform Act of 1984 and because its review was not for plain error.

There was no error here.

The appeal is DISMISSED.