# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50874
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT TIMOTHY BLAKE, also known as Robert Blake, also known as Rodger T. Blake,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-66-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Robert Timothy Blake pleaded guilty pursuant to a plea agreement to distribution of child pornography and possession of child pornography. The plea agreement contained an appeal waiver, in which he waived the right to appeal his sentence on any ground but reserved the right to challenge his sentence based on claims of ineffective assistance of counsel or prosecutorial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misconduct.  He contends that the Government breached the plea agreement when it made the following statements at the sentencing hearing: Blake took photographs of neighborhood children on a camera found during the execution of a search warrant of his residence; he sexually abused his daughter; and he fled from Rhode Island to evade an investigation of his alleged possession of child pornography.

Because Blake did not object to a breach in the district court, review is limited to plain error.  *See United States v. Hebron*, 684 F.3d 554, 557-58 (5th Cir. 2012).  To show plain error, he must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citations omitted).  Blake has not shown that the Government's statements constituted a clear and obvious breach of the plea agreement.  *See id*; *Hebron*, 684 F.3d at 557-58; *United States v. Casillas*, 853 F.3d 215, 218 (5th Cir. 2017), *petition for cert. filed* (June 27, 2017) (No. 17-5081); *United States v. Hinojosa*, 749 F.3d 407, 413-14 (5th Cir. 2014).

Because no breach of the plea agreement invalidated the appeal waiver, we will examine whether the waiver is otherwise knowing and voluntary.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  Blake did not specifically object to the district court's compliance Federal Rule of Criminal Procedure 11(b)(1)(N) and, therefore, review is limited to plain error.  *See United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir. 2011).

At rearraignment, the district court advised Blake that he had waived his right to appeal his sentence, except for claims of ineffective assistance of counsel and prosecutorial misconduct; Blake stated that he understood and did

No. 16-50874

not express any confusion or ask any questions concerning the appeal waiver. Blake knowingly and voluntarily waived his right to appeal, and the appeal waiver is valid and enforceable. *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Therefore, Blake's remaining claims challenging the substantive reasonableness of the sentence and the adversarial nature of the sentencing hearing are barred by the appeal waiver. *See id.*

APPEAL DISMISSED.