# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSUE OSVALDO SOLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-100-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Josue Osvaldo Solis appeals the 97-month sentence imposed following his guilty plea conviction for conspiracy to transport an undocumented alien within the United States.  He contends that the district court erred in imposing an offense level enhancement pursuant to U.S.S.G. § 2L1.1(b)(7).  The Government moves to dismiss the appeal based on the waiver in Solis's plea agreement of his right to appeal his conviction and sentence except on the basis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of ineffective assistance of counsel.  Solis responds that he can appeal notwithstanding the waiver because the Government breached the plea agreement.  *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (citing *United States v. Keresztury*, 293 F.3d 750, 755 (5th Cir. 2002)).  We review this unpreserved claim of breach of the plea agreement for plain error. *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).

In the plea agreement in this case, the Government (1) promised to move for the additional one-level reduction under U.S.S.G. § 3E1.1(b) if the district court determined that Solis qualified for the two-level § 3E1.1(a) reduction for acceptance of responsibility and his offense level exceeded the relevant threshold and (2) reserved the right to present facts and argument relevant to sentencing.  In light of the plain language of the agreement, we are not persuaded by Solis's argument that he reasonably understood it to include an additional promise that the Government would refrain from advocating against his qualification for the two-level § 3E1.1(a) reduction.  *See Casillas*, 853 F.3d at 217.  Accordingly, the Government's presentation of evidence and argument that Solis did not qualify for a § 3E1.1(a) reduction because he assaulted another prisoner was consistent with a reasonable understanding of the plea agreement and, therefore, not a breach, let alone a clear or obvious one.  *See id.*

Furthermore, the record confirms that the appeal waiver was knowing and voluntary and that it applies to the sentencing issue Solis attempts to raise on appeal.  *See United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011). Accordingly, the Government's motion to dismiss the appeal is GRANTED.

APPEAL DISMISSED.