IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-41021

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ENRIQUE HUERTA, JR.,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-319-2

Before STEWART, Chief Judge, and BARKSDALE and COSTA, Circuit
Judges.

PER CURIAM:*

Enrique Huerta pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of methamphetamine. The district court sentenced him to 180 months in prison, which was slightly below the Guidelines range it adopted (188 to 235 months). That Guidelines range did not include a reduction for acceptance of responsibility. On appeal, Huerta argues for the first time that the government breached the plea agreement by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41021

failing to recommend that Huerta receive credit for acceptance of responsibility. Finding no obvious breach by the government, which the plain-error posture of this case requires, we AFFIRM.

I.

In the plea agreement, the government promised to "recommend . . . that the offense level decrease by 2 levels . . . if the defendant clearly demonstrates acceptance of responsibility." When the presentence report (PSR) issued, it did not recommend that reduction. The PSR explained that Huerta's counsel was not present for the presentence interview and that Huerta "elected to submit a written statement of Acceptance of Responsibility, which has yet to be received." Accordingly, the PSR did not include in its Guidelines calculation a two-level reduction for acceptance because "[a]s of completion of the presentence investigation," Huerta had "not clearly demonstrated acceptance of responsibility for the offense." Huerta did not object to the PSR.

At sentencing, the court asked the probation officer, "Well, did we ever get the acceptance?" The officer answered "no," apparently referring to Huerta's failure to submit an acceptance-of-responsibility statement. The district court then announced that it would follow the Guidelines range (188 to 235 months) recommended in the PSR, which did not include acceptance of responsibility.

Huerta's counsel did not object to the Guidelines range. Instead, he stated that Huerta "understands what he did," "accepts the responsibility," and "is very remorseful for his conduct." Huerta was then allowed to allocute. He read the following statement:

> [W]ith all due respect to you and the Court, I'm writing you this to admit my faults and actions, that I mean to this situation I'm in.

No. 18-41021

During the time of my absence, I wasn't myself.  I hit rock-bottom in my life.  I lost my mother, father, and sister, which brought me to a depressed stage in life.

I turned my life to drugs which caused [m]y addiction and altered my train of thought.  I take full responsibility for my actions.  I just want to make clear that I, Enrique Huerta, am not a bad person.  I just made bad decisions.

Before the time of my incarceration, I have fallen back on my financials and was trying to get back on my feet.  My disability didn't help any.  I admit and agree with the Court of Law that I committed a crime.

The district court then announced the sentence.  It imposed a sentence slightly lower than the Guidelines range because of Huerta's medical condition. The court explained it would not go lower because it was "not inclined to sentence [him] at a range that would put [him] where [he] would be with the acceptance because [he] didn't get that resolved before sentencing here." Huerta did not object to the sentence.

## II.

Because Huerta did not contend in the district court that the government breached the plea agreement, we review this issue for plain error.  Huerta thus must show 1) an error, 2) that is clear or obvious, and 3) that affected his substantial rights.  *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). If he makes that showing, then we may correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotation omitted).

Huerta fails to meet the second requirement of plain-error review because it is not obvious that he satisfied the condition precedent to the government's obligation.  Huerta had to "clearly demonstrate" acceptance for the government's obligation to kick in.  Plain-error review of this issue means Huerta faces a double-"clearly" standard; he must show it is clear that he clearly accepted responsibility.  Both the Probation Office and district court

concluded that Huerta did not qualify for the acceptance-of-responsibility reduction. The consensus judgment of those two experienced actors is likely enough to prevent Huerta from showing obvious error. Indeed, their concern with Huerta's failure to communicate his acceptance prior to the sentencing hearing finds support in the Guidelines commentary. *See* U.S.S.G. § 3E1.1 cmt. n.1(H) (recognizing the timeliness of the defendant's accepting responsibility as a factor in deciding if the reduction is warranted). Huerta nonetheless argues that his allocution merited the reduction. But, as is typically the case at sentencing, the allocution came after the district court had already determined the Guidelines range that would apply.

Aside from the timeliness problem, it is not clear that Huerta accepted responsibility when he allocuted. Huerta mostly explained the challenges he was facing when he committed the offense. He did say he took "full responsibility for [his] actions" and admitted that he "committed a crime." But those vague and conclusory statements did not "admit[] the *conduct* comprising the offense(s) of conviction." *Id*. § 3E1.1 cmt. n.1(A) (emphasis added). In other words, Huerta did not admit that he was part of a meth-trafficking conspiracy. He did not even mention the name of the crime he had committed. As a result, it is not obvious that Huerta clearly accepted responsibility.

\* \* \*

Because Huerta has not shown an obvious error, the judgment is AFFIRMED.