# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11642

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee

v.

CHARLES RAY FULMER,

      Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-34-1

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

On May 29, 2018, Appellant Charles Ray Fulmer was charged in a superseding information with one count of attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470. The next day, Fulmer pled guilty pursuant to a written plea agreement in which he waived his right to appeal. At Fulmer's sentencing, three of the victim's family members addressed the court and asked that Fulmer be given the maximum statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11642

sentence.    Afterwards, the government presented argument, during which counsel made the following statement:

> As the Court is aware, Your Honor, the government entered into a plea agreement with Mr. Fulmer.  I am—I believe I am ethically bound to not advocate for a variance or a departure, and I've represented to opposing counsel that I will not do that in court today.  But the family has also asked me to put in context this plea agreement and the full scope of the defendant's behavior, and I also believe that I'm ethically required to do so and I owe it to the victim's family.

Fulmer was subsequently sentenced to the statutory maximum (120 months of imprisonment) and four years of supervised release.

Fulmer now appeals, arguing for the first time that the above-quoted statement proves the government agreed, as part of the plea agreement, not to seek an upward variance, and the government breached that agreement by putting on witnesses who asked for a maximum sentence.  Based on the alleged breach, Fulmer contends his sentence should be vacated and the case remanded to a different district court judge for resentencing.[1]  We disagree and affirm.

Because Fulmer did not object to the Government's alleged breach of the plea agreement, our review is for plain error.  *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).  Under plain error review, a defendant must show a clear or obvious error that affected his substantial rights.  *Id.*  If that showing is made, this court may exercise its discretion to correct the error, provided the error "seriously affects the fairness, integrity or public reputation

---

[1] Although Fulmer waived his right to appeal in the plea agreement, an appeal waiver does not affect a defendant's "ability to raise a breach argument because an alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Roberts*, 624 F.3d 241, 244 (5th Cir. 2010).  Fulmer's appeal is therefore properly before the court.

No. 18-11642

of judicial proceedings." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009)).

"In evaluating whether a plea agreement was breached, we apply general principles of contract law." *United States v. Hebron*, 684 F.3d 554, 558 (5th Cir. 2012). The court looks to the "language of the [plea agreement], unless ambiguous, to determine the intention of the parties." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (quoting *In re Conte*, 206 F.3d 536, 538 (5th Cir. 2000)). Thus, when a plea agreement is unambiguous, we "generally will not look beyond the four corners of the document." *Id.* "The defendant bears the burden of demonstrating the underlying facts that establish breach by a preponderance of the evidence." *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010). "If the Government breaches a plea agreement, the defendant is entitled to specific performance of the agreement with sentencing by a different judge." *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005).

Neither party argues the plea agreement was ambiguous. Nor do the parties dispute that the plea agreement contained no promise not to seek an upward departure. The plea agreement did, however, contain a merger clause, confirming that it represented the complete agreement between Fulmer and the government.[2] Fulmer confirmed this at the sentencing hearing, testifying that he had read the plea agreement, reviewed it with his attorney, was not

---

[2] The merger clause provided that

> This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

3

promised anything to convince him to plead guilty outside of what was contained in the plea agreement, and all the terms of his agreement with the government were set forth in the plea agreement. Based on the four corners of the agreement, therefore, the government was not contractually prohibited from seeking an upward variance and could not have breached the plea agreement by doing so.

This would seem to be the end of the matter. But, as Fulmer points out, this court has previously declined to limit its breach inquiry to the terms of a plea agreement when evidence indicates the government made an extrinsic promise that the defendant reasonably relied on in pleading guilty. *See, e.g.*, *United States v. Melton*, 930 F.2d 1096, 1098–99 (5th Cir. 1991). *Melton* dealt with a plea agreement that was transmitted with a cover letter from the prosecutor stating that the government would recommend a downward departure based on the defendant's "full and complete debriefing and substantial assistance to the government." *Id.* at 1098. The promise contained in the cover letter was not included in the plea agreement. *Id.* Although the defendant ultimately pled guilty, the government failed to seek a downward departure at sentencing, and on appeal, the defendant argued the government's failure to do so constituted a breach of the plea agreement. *Id.* In considering the issue, this court declined to ignore the cover letter, reasoning that "the government may neither misrepresent its intentions nor renege on representations reasonably relied and acted upon by defendants and their counsel in instances such as is here presented." *Id.*

Compare *Melton* to *Long*, where the prosecutor had emailed defense counsel before the defendant's guilty plea and promised not to seek a leader/organizer enhancement at sentencing. *Long*, 722 F.3d at 259. As in *Melton*, this promise was not contained in the plea agreement and was not

complied with at sentencing. *Id.* at 261–62. However, *Long* distinguished the case from *Melton*, finding that "the e-mail exchange was not attached to the plea agreement, was completed weeks prior to [the defendant's] guilty plea, and copies thereof were not transmitted contemporaneously with the plea." *Id.* at 263–64. Pointing to the defendant's declarations during the plea colloquy that no extrinsic promises induced his guilty plea, we concluded that "reliance on the e-mail exchange would be unreasonable in light of the plea agreement's merger clause stating that the written plea agreement constitutes the complete agreement among the Government, [the defendant], and [the defendant's] counsel." *Id.* at 264.

This case is even weaker than the facts in *Long*. Assuming the government promised not to seek an upward variance, the record is unclear as to when the promise was made. Nothing in the record indicates how the promise was conveyed, what its terms were, or whether Fulmer relied on it in pleading guilty. Unlike *Melton* and *Long*, where the documents containing the promises were part of the record, we have before us only the government's allusion to some promise during the sentencing colloquy. Further, as in *Long*, the written plea agreement included a merger clause, and Fulmer unequivocally represented to the district court before pleading guilty that he had not relied on any promises outside of those contained in the plea agreement. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Indeed, on appeal, Fulmer does not even argue he relied on the government's promise. Therefore, even if the government promised not to seek an upward variance, it is unreasonable to conclude that Fulmer relied on that promise in pleading guilty.

No. 18-11642

For these reasons, the government did not breach the plea agreement, and the judgement of the district court is **AFFIRMED**.