# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2020

Lyle W. Cayce
Clerk

No. 18-60159

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

DARRYL LOVETT WILLIAMS, also known as Big Blood,

     Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Darryl Lovett Williams was convicted of one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced to serve 240 months in prison and a three-year term of supervised release. Williams challenges his sentence on three grounds.

First, Williams contends that the Government breached his plea supplement by using uncorroborated information, which Williams had previously given an FBI agent following his 2016 state arrest, to calculate his

No. 18-60159

sentence.[1]  Because this claim was not raised in the district court, it is reviewed for plain error.  *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).  To meet this standard, Williams must show a clear or obvious error that has not been intentionally abandoned and has affected his substantial rights.  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018).  If he makes that showing, then this court may exercise its discretion to correct the error, provided that it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id*. at 1905.

This court analyzes a breach claim under general contract principles and strictly construes the terms of the agreement against the Government as the drafter.  *Casillas*, 853 F.3d at 217.  The plain language of the agreement, taken with the intent of the parties at the time the agreement was executed, controls.  *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (per curiam).  Williams' plea supplement states that the Government may not use information "given by Defendant subsequent to and in response to the Plea Agreement/Plea Supplement" against the defendant, and that "information provided by Defendant *as a result of his obligation to cooperate under the Plea Agreement/Plea Supplement* . . . from the date of the Plea Agreement/Plea supplement forward" could not be used to calculate his Sentencing Guidelines range (emphasis added).  The plea agreement was executed on November 21, 2017.  Williams contests the Government's use of statements made during an interview with an FBI task force agent conducted at the Gautier, Mississippi Police Department in July 2016.  This interview took place after a separate state arrest that occurred nearly a year before Williams' federal arrest.  The

---

[1]     Williams' plea agreement included a waiver of appeal rights, but we nonetheless consider whether the Government breached the plea agreement because a breach by the Government would release him from the waiver.  *See United States v. Purser*, 747 F.3d 284, 289 & n.11 (5th Cir. 2014).

No. 18-60159

plain language of Williams' agreement with the Government indicates that it does not bar the use of information obtained prior to the perfection of the plea agreement and supplement. None of the cases that Williams cites addresses a situation in which a court found the Government breached a plea agreement by using information obtained before any terms were reached. Seeing no ambiguity in the plain language of the agreement, nor any indication that the parties intended the agreement to have a meaning other than that which is ordinary and natural, we conclude that Williams has not shown a breach of his plea agreement. *See Cortez*, 413 F.3d at 503.

Williams has also failed to point to anything in the record showing that the parties made an ancillary agreement limiting the Government's ability to use the information he provided. Williams argues that he gave information during the July 2016 interview with the expectation that he would become a cooperator or be treated leniently, making that information subject to use immunity. Williams' mere hope that the Government would enter into a cooperation agreement with him based on the information he provided during the July 2016 interview does not constitute an enforceable agreement that binds the Government. The plea agreement and supplement are the only agreements between the parties contained in the record.

Williams argues that the language in the plea supplement should be read to exclude the Government's use of information after the plea agreement is executed, even if that information was obtained before its execution. This is not a reasonable interpretation of the plea supplement's language, which limits only the use of information provided by the defendant "as a result of his obligation to cooperate under the Plea Agreement/Plea Supplement." Information given before the existence of any agreement between Williams and the Government could not have been given as a result of the agreement.

3

No. 18-60159

Williams has therefore failed to show that the Government breached the plea agreement.

Williams' second claim on appeal is that the district court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(5), upon finding that Williams' methamphetamine, based on its purity and quantity, was imported. Because we hold that the government did not breach the plea agreement, its provisions, including Williams' waiver of appeal rights, are valid and enforceable as long as Williams agreed to the waiver knowingly and voluntarily. *United States v. Keele*, 755 F.3d 752, 754, 757 (5th Cir. 2014). The record demonstrates that he did. Williams stated when he entered his guilty plea that he had reviewed the plea agreement with his lawyer and understood its provisions. The district court asked Williams explicitly whether he was aware of the waiver, emphasizing that the rights he was giving up were "very important rights," and that he "should not give them up unless [he] ha[d] given it very careful consideration and talked it over with [his] lawyer." Williams responded that he had discussed the waiver with his attorney and he agreed to waive his rights. Williams' trial counsel also affirmed Williams was waiving his rights knowingly and voluntarily. Because the record shows that Williams knowingly and voluntarily waived his appellate rights, and because the waiver covers his claim of error as to the court's U.S.S.G. § 2D1.1(b)(5) adjustment,[2] we decline to consider this claim, and we dismiss the appeal with respect to this claim. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006)

---

[2]     Williams agreed to waive the right "to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed."

No. 18-60159

("[A] defendant's waiver of appeal may entitle the government to dismissal on contractual grounds.").

Finally, Williams argues that his counsel was ineffective. Although Williams' appeal waiver expressly reserves his right to bring ineffective assistance of counsel claims, we decline to consider such claims on direct appeal because they were not presented to the district court. *See United States v. Velasquez*, 881 F.3d 314, 341 (5th Cir. 2018) (per curiam) ("[C]laims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." (quoting *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014))). We therefore dismiss this claim without prejudice to collateral review. *See id.* at 342.

We hold that the Government did not breach Williams' plea agreement. Accordingly, we AFFIRM the sentence imposed by the district court and DISMISS Williams' remaining claims on appeal.[3]

---

[3]     Although the district court did not rule on Williams' breach claim because he failed to raise it, by rejecting this claim we affirm the validity of the plea agreement and thus the sentence imposed pursuant to it. *See, e.g., United States v. Lavergne*, 785 F. App'x 213, 215 n.1 (5th Cir. 2019) (unpublished).