# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

No. 19-20211
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDWARD MAHAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-4-5

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement with an appeal waiver, Edward Mahan pleaded guilty to possession, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to, *inter alia*, 60-months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-20211

Mahan asserts the Government breached the plea agreement by violating an unwritten promise to recommend that his relevant conduct be limited to one kilogram of cocaine for purposes of determining his base offense level under Sentencing Guideline § 2D1.1 (offense conduct). (Mahan has abandoned any claim that the appeal waiver is invalid. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (citations omitted). Again, he asserts that it was breached. And, premised on this alleged breach's opening the way to being able to appeal, he challenges: the substantive reasonableness of his below-Guidelines, statutory minimum sentence; and the court's application of Guidelines §§ 2D1.1, 3E1.1 (acceptance of responsibility), and 5C1.2 (limitations on statutory-minimum sentences). Because his claim of breach fails, we do not reach these issues.)

Our court may consider whether the Government breached the plea agreement, despite Mahan's appeal waiver, because a breach by the Government would release Mahan from the waiver. *See United States v. Purser*, 747 F.3d 284, 289 & n.11 (5th Cir. 2014) (citations omitted). Generally, our court reviews *de novo* whether the Government breached a plea agreement. *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017) (citations omitted). But, plain-error review applies if defendant failed to object to any breach in district court. *Id.* (citations omitted).

The parties dispute whether Mahan preserved his linchpin breach contention. We need not decide the applicable standard of review, however, because Mahan has not shown a breach of the plea agreement. *See United States v. Mesquiti*, 854 F.3d 267, 275 (5th Cir. 2017) (noting the court "need not determine the applicable standard of review" when appellant "fails to establish reversible error even under the less demanding . . . standard").

No. 19-20211

The Government breaches a plea agreement if its conduct was inconsistent "with . . . defendant's reasonable understanding of the agreement". *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005) (citations omitted). Appellant "has the burden of demonstrating a breach by a preponderance of the evidence". *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017) (citation omitted).

By failing to provide any details regarding the Government's alleged unwritten promise, Mahan has failed to show his guilty plea was induced by such a promise. Further, the plea agreement and Mahan's assurances to the court at rearraignment do not support the existence of the alleged unwritten promise.

DISMISSED.