# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2021

Lyle W. Cayce
Clerk

No. 20-60950
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEFFERY BENARD BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-22-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Jeffery Benard Brown pleaded guilty, pursuant to a written plea agreement, to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to a within-guidelines, 120-month term of imprisonment. On appeal, Brown

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the Government breached the plea agreement by failing to move for a substantial assistance departure or reduction. The Government moves to dismiss based on the appeal waiver in Brown's plea agreement or, alternatively, for summary affirmance. In response, Brown argues that he did not knowingly and voluntarily enter into the plea agreement.

As part of a valid plea agreement, a defendant may waive his statutory right to appeal. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). We review the enforceability of an appeal waiver de novo. *United States v. Winchel*, 896 F.3d 387, 388 (5th Cir. 2018). To determine whether the appeal waiver bars an appeal, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). For a waiver to be knowing and voluntary, the defendant must know that he has a right to appeal and that he is giving up that right. *See United States v. McKinney*, 406 F.3d 744, 746 & n.2 (5th Cir. 2005). Brown's contention that his waiver was not knowing and voluntary is belied by the record. Brown was fully advised of his right to appeal and he acknowledged that he understood what the waiver connoted and its consequences. *See id.*

Brown asserts that the right to challenge a sentence should not be waivable and that appeal waivers are unfair contracts of adhesion. However, Brown has not identified any terms deemed unconscionable by this court. We have routinely upheld appeal waivers similar to Brown's. *See*, *e.g.*, *United States v. Burns*, 433 F.3d 442, 443-44, 449-50 (5th Cir. 2005); *Bond*, 414 F.3d at 543-45. Moreover, it is well-settled that a defendant may waive his right to appeal as part of a valid plea agreement. *See Story*, 439 F.3d at 231; *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Because Brown does not allege any other basis for attacking the appeal waiver, the waiver is valid and enforceable. *See Bond*, 414 F.3d at 544.

No. 20-60950

An appeal waiver does not prevent a defendant from raising a claim that the Government breached the plea agreement. *See United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). We apply general principles of contract law in interpreting a plea agreement and consider "whether the [G]overnment's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) (internal quotation marks and citation omitted). If the language of a plea agreement is unambiguous, we "generally will not look beyond the four corners of the document" to determine the intention of the parties. *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013).

Here, the terms of the plea agreement are clear and unambiguous that the Government had sole discretion to determine if Brown provided substantial assistance, as well as sole discretion to request a downward departure or sentence reduction even if Brown had provided substantial assistance. Brown does not allege any unconstitutional motivation for the Government's conduct. *See United States v. Aderholt*, 87 F.3d 740, 743 (5th Cir. 1996). Accordingly, Brown has failed to show that the Government breached the plea agreement.

Because the appeal waiver is valid and enforceable and the Government has invoked the waiver, Brown's appeal is barred. *See Story*, 439 F.3d at 230 & n.5. The Government's motion to dismiss the appeal is GRANTED, and its alternative motion for summary affirmance is DENIED. The appeal is DISMISSED.