# United States Court of Appeals for the Fifth Circuit

---

No. 21-30607
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lilbear George,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-201-1

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Lilbear George pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to using, carrying, brandishing, and discharging of a firearm during and in relation to a crime of violence resulting in death, in violation of 18 U.S.C. §§ 924(c), 924(j)(1), and 2. The district court denied his motion to withdraw his guilty plea and sentenced him to,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*inter alia*, 480-months' imprisonment. George contends: the Government breached the plea agreement; and the court abused its discretion in denying his motion to withdraw his plea.

An alleged breach of a plea agreement is reviewed *de novo*. *E.g.*, *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007). "A breach occurs if the Government's conduct was inconsistent with a reasonable understanding of its obligations." *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). Although the burden is on defendant to demonstrate by a preponderance of the evidence that the Government breached a plea agreement, the terms of the agreement are strictly construed against the Government as the drafter. *E.g.*, *id.*

In the plea agreement, the parties agreed, *inter alia*, that a "specific sentence range between three hundred sixty (360) months and four hundred eighty (480) months in prison [was] appropriate"; and the "sentence range [was] reasonable". George claims the Government breached the plea agreement by asserting during sentencing proceedings that a sentence at the bottom of the agreed-upon range was insufficient and that a sentence at the top of the range was necessary.

George fails to show by a preponderance of the evidence that the Government's advocating for a sentence at the top of the agreed-upon range was inconsistent with his reasonable understanding of the plea agreement, particularly in the light of his advocating for a specific sentence at the bottom of that range; therefore, he fails to show the Government breached the agreement. *See Casillas*, 853 F.3d at 217.

Although George maintains the Government also breached the plea agreement when he was compelled to testify against a codefendant, the issue is not before this court because the dispute occurred after George's notice of appeal was filed, and he has not filed another. *See Manrique v. United States*,

No. 21-30607

581 U.S. 116, 120 (2017) (declining to review challenge to restitution order which was imposed after notice of appeal was filed).

Next, George contends that, on two bases, the court abused its discretion in denying his motion to withdraw his guilty plea:  it failed to adequately consider whether the Government breached the plea agreement; and he provided "a fair and just reason" for withdrawal. *See* FED. R. CRIM. P. 11(d)(2)(B) (providing defendant may withdraw guilty plea prior to sentencing if he "can show a fair and just reason").

At sentencing, George moved to withdraw his plea only on the ground that the Government breached the plea agreement.  He did not bring Rule 11(d)(2)(B) to the court's attention, nor did he mention the applicable *Carr* factors, referenced *infra*.  *See United States v. Carr*, 740 F.2d 339 (5th Cir. 1984).  Nonetheless, we assume without deciding he preserved both bases regarding his withdrawal motion; therefore, review is for abuse of discretion. *E.g.*, *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019).

When the Government breaches a plea agreement, defendant is entitled to specific performance or withdrawal of his plea. *E.g.*, *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).  Additionally, after a plea is accepted, but before sentencing, a district court may allow withdrawal of a guilty plea if "the defendant can show a fair and just reason".  FED. R. CRIM. P. 11(d)(2)(B).  "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times with the defendant." *Lord*, 915 F.3d at 1014 (citation omitted).  To meet his burden, defendant must show, based on the totality of the circumstances, the factors provided in *Carr* support withdrawal. *Id.*

First, as discussed above, no breach occurred.  Therefore, George fails to show an abuse of discretion on that basis.  Second, absent a breach by the Government, review of the record reveals George failed to meet his burden

of showing withdrawal was otherwise permitted based on the seven *Carr* factors, such as whether innocence is claimed by defendant. *See United States v. Strother*, 977 F.3d 438, 443–47 (5th Cir. 2020) (applying *Carr* factors).

AFFIRMED.