# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2023

Lyle W. Cayce
Clerk

No. 23-40120
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Elizabeth Ayala Leal,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1714-1

———————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Elizabeth Ayala Leal pleaded guilty to a single count of wire fraud. In relevant part, she was sentenced to 60 months of imprisonment, a term of supervised release that included a condition prohibiting her from unapproved

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

future employment as a home health worker or in a profession allowing access to personal identifying information, and $428,642.57 in restitution.

On appeal, Leal argues the Government breached the plea agreement. In that agreement, Leal agreed to plead guilty to a single count of wire fraud and to pay $344,642.57 in restitution; the Government agreed to recommend a two-level reduction for acceptance of responsibility and to dismiss the remaining counts of the indictment. Leal argues that the Government breached the agreement by arguing against her acceptance of responsibility, for the employment condition, and for a higher amount of restitution.

Although Leal objected in the district court to various aspects of her sentence, she did not argue that the Government breached the plea agreement. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Thus, plain error review applies, and she must show an error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). While the burden is on the defendant to demonstrate by a preponderance of the evidence that the Government breached a plea agreement, the terms of the agreement are strictly construed against the Government as the drafter. *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). "A breach occurs if the Government's conduct was inconsistent with a reasonable understanding of its obligations." *Id.*

Leal's argument regarding acceptance of responsibility is unavailing because the Government complied with its obligation under the plea agreement. *See id.* Her argument regarding the supervised release condition also fails because it is not consistent with a reasonable understanding of the Government's obligations under the agreement. *See id.* As to the restitution issue, it is at the very least subject to reasonable dispute whether the Government breached any term of the plea agreement, and Leal therefore fails to demonstrate a clear or obvious error. *See Puckett*, 556 U.S. at 135;

No. 23-40120

*United States v. Smith*, 430 F. App'x 357, 358 (5th Cir. 2011); *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009).

AFFIRMED.