# United States Court of Appeals for the Fifth Circuit

---

No. 23-40701
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE PEDRO GARCIA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-708-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:

Jose Pedro Garcia appeals his sentence following a guilty plea conviction for possession with intent to distribute 40 grams or more of a mixture and substance containing fentanyl. The Government adopted the probation officer's determination that Garcia was not entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based on his assault of another detainee while awaiting sentencing. The district court agreed and denied any reduction. On appeal, Garcia contends that the Government breached the plea agreement by failing to recommend a three-level reduction

for acceptance of responsibility.  Plain error review applies because Garcia did not raise the issue of a breach in the district court.  *See United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).

Garcia maintains that the plea agreement obligated the Government to move for a three-level reduction under § 3E1.1.  However, the agreement only obligated the Government to move for the third point of reduction under § 3E1.1(b) if the district court decided to award the initial two-level reduction under § 3E1.1(a).  It did not impose any obligation on the Government as to the reduction in § 3E1.1(a) or restrict the arguments that the Government could present.  *See Casillas*, 853 F.3d at 217-18. Accordingly, the Government's argument that Garcia did not qualify for a § 3E1.1(a) reduction because he had assaulted another detainee was consistent with a reasonable understanding of the plea agreement and, therefore, not a breach, let alone a clear or obvious one.  *See id.*

Because Garcia has not shown that the Government breached the plea agreement and does not argue that the appeal waiver in his plea agreement is otherwise invalid, we may not review any claims that are barred by the waiver. *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000). Therefore, we do not consider Garcia's remaining arguments, which are a challenge to the denial of a reduction under § 3E1.1.  *See id.*

The appeal is DISMISSED.