# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40706
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sean Michael Kriss,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CR-4-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Sean Michael Kriss pleaded guilty to sexual exploitation of children and possession of child pornography. He was sentenced to a total term of 480 months of imprisonment and 10 years of supervised release. On appeal, Kriss argues the Government breached the plea agreement.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40706

In the plea agreement, the Government agreed to move under U.S.S.G. § 3E1.1(b) for a one-level reduction if the district court determined that Kriss qualified for the two-level reduction under § 3E1.1(a) and the offense level prior to operation of § 3E1.1(a) was 16 or greater.  Kriss argues that the Government breached the agreement when it (1) emphasized that he filed a motion to withdraw his guilty plea 18 months after he pleaded guilty, (2) claimed that he was making a "big deal" about his autism diagnosis, and (3) stated that he needed to be held accountable because it was hard to deter someone like him who did not believe that he had a problem.

We review for plain error review because Kriss did not raise this claim before the district court.  He must show an error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).  If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citation omitted).  While the burden is on the defendant to demonstrate by a preponderance of the evidence that the Government breached a plea agreement, the terms of the agreement are strictly construed against the Government as the drafter.  *United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).  "A breach occurs if the Government's conduct was inconsistent with a reasonable understanding of its obligations."  *Id.*

Kriss's argument is unavailing because the Government complied with its obligations under the plea agreement.  *See id.* at 218.  The plea agreement did not prohibit the Government's arguments that the two-level reduction under § 3E1.1(a) was not warranted and that the sentencing factors outlined in 18 U.S.C. § 3553(a) supported the statutory maximum sentence.  *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

2

No. 23-40706

Because Kriss has not demonstrated that the Government breached the plea agreement, the appeal waiver contained in that agreement is enforceable and bars the current appeal. The appeal is DISMISSED.