# United States Court of Appeals for the Fifth Circuit

No. 25-40317
CONSOLIDATED WITH
No. 25-40326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYRONE LEIGH,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 6:24-CR-79-1, 6:22-CR-87-1

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Tyrone Leigh pleaded guilty to attempted escape from federal custody and possession of ammunition after a felony conviction. In this consolidated appeal, he challenges the sentences imposed.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

For the first time on appeal, he argues that the Government breached the plea agreements. Our review is for plain error. *See United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017). Because Leigh fails to establish an implicit promise by the Government to advocate for a full three-point reduction for acceptance of responsibility, he is unable to show that the Government breached the plea agreement. *See United States v. Cluff*, 857 F.3d 292, 298 (5th Cir. 2017). Likewise, assuming that the Government advocated for a sentence above the advisory guidelines, he has not met his burden to demonstrate that the Government breached the plea agreement by doing so. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020).

Leigh further argues that the district court procedurally erred by declining to order that his federal sentences run concurrently with the anticipated sentences on pending state charges. We review de novo whether an appeal waiver bars an appeal. *United States v. Jacobs*, 635 F.3d 778, 780–81 (5th Cir. 2011). As discussed, the Government did not breach the plea agreements, and there is no indication that Leigh's additional criminal activity voided the plea agreements such that Leigh's waiver of appeal does not apply. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002). The waivers are valid and enforceable because Leigh agreed to them knowingly and voluntarily, and they cover the sentencing issue that he now attempts to bring. *See United States v. Williams*, 949 F.3d 237, 239 (5th Cir. 2020).

Accordingly, we AFFIRM the sentences imposed by the district court and DISMISS Leigh's remaining claim on appeal.